UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                          Case No.    23-30551-CLH
                                                               Chapter     13
LEVARUS VASHAUN HOLMES,

    Debtor.

# MEMORANDUM OPINION AND ORDER DISMISSING CASE

Before the Court are Motions to Dismiss filed by the Chapter 13 Trustee ("Trustee") and U.S. Bank National Association ("Creditor"). Trustee and Creditor (collectively, "Movants") argue that Levarus Vashaun Holmes ("Debtor") is ineligible to be a debtor in bankruptcy under 11 U.S.C. § 109(g)(2) because this case was filed within 180 days of Debtor voluntarily dismissing a prior case following a motion requesting relief from the stay by Creditor. After reviewing § 109(g)(2) and the facts of this case, the undersigned finds this case is due to be DISMISSED.

## I. JURISDICTION

This Court has jurisdiction to hear these matters pursuant to 28 U.S.C. § 1334(b). These are core proceedings within the meaning of 28 U.S.C. § 157(b)(2). This is a final order.

## II. FACTS AND PROCEDURAL HISTORY

Debtor filed a Chapter 13 bankruptcy petition on March 17, 2023. (Doc. 1). Debtor has one prior bankruptcy case, Case No. 20-31978 (the "Prior Case"). In the Prior Case, Trustee filed a Notice to Dismiss the Case for Failure to Make Plan Payments on February 10, 2023. (Case No. 20-31978, Doc. 51). In a Response to Trustee's Notice to Dismiss, Debtor agreed to raise his plan payments. (Case No. 20-31978, Doc. 52). Soon after Trustee's Notice, Creditor filed a Motion for Relief pertaining to real property in Wetumpka, Alabama on March 9, 2023. (Case No. 20-31978, Doc. 56). The Motion for Relief stated that Debtor owed post-petition arrears on his mortgage in the amount of

1

$13,961.64. With only 31 months remaining under the plan in the Prior Case, Debtor contends he was unable to afford the increased plan payment after Trustee's Notice to Dismiss with the proposed increase if Debtor included the arrearage owed to Creditor in the plan. (Doc. 32). Instead, Debtor estimated it would be more affordable to "stretch out the debts owed over 58 months" which would "leave . . . an additional $850.00 per month that he would not have been able to use for monthly expenses if he were to remain in his [Prior Case] and attempt to [include] the arrears in the remaining 31 months." *Id*. Accordingly, Debtor filed a motion to voluntarily dismiss his case on March 16, 2023. (Case No. 20-31978, Doc. 60). Debtor's motion was granted, and the Prior Case was dismissed on March 17, 2023. (Case No. 20-31978, Doc. 62). Debtor filed this case the same day. (Doc. 1).

Movants filed the pending Motions to Dismiss, arguing that 11 U.S.C. § 109(g)(2) forecloses Debtor's eligibility to be a debtor for 180 days following Debtor's voluntary dismissal of the Prior Case. (Docs. 22 and 33). Debtor filed a response and brief in which he concedes the timeline of events but disputes the applicability of § 109(g)(2) to his circumstances. (Docs. 24 and 32). Additionally, Debtor argues Trustee lacks standing to pursue dismissal of the case under § 109(g)(2).

Movants argue that § 109(g)(2) is mandatory, and since Debtor filed for and obtained voluntary dismissal a week after Creditor sought relief from the stay in the Prior Case, Debtor is ineligible to be a debtor in bankruptcy for 180 days. In contrast, Debtor argues that the Court should follow the equitable interpretation as applied in *In re Hutchins*, 303 B.R. 503 (Bankr. N.D. Ala. 2003). Debtor contends that he voluntarily dismissed his case without the intent to harm Creditor or escape from his debts. Instead, Debtor asserts that once he realized he could not afford the increased plan payment to include the plan payment default and the mortgage arrearage within the 31 months remaining, he voluntarily dismissed the Prior Case and filed a new petition to reset the timeline and "stretch out" the payments on his remaining debts over the span of 58 months. (Doc. 32). Debtor argues that these circumstances are not what Congress had in mind when drafting § 109(g)(2), and that his actions were undertaken in good faith.

2

### III. APPLICABILITY OF 11 U.S.C. § 109(g)(2)

As an initial matter, the Court finds Debtor's argument that Trustee does have standing to seek dismissal under 11 U.S.C. § 109(g)(2) is moot because Creditor filed a similar Motion to Dismiss arguing that Debtor is ineligible to be a debtor. (Doc. 33). Moreover, "a bankruptcy court may take up the question of eligibility sua sponte." *Matter of Hammers*, 988 F.2d 32, 35 (5th Cir. 1993). Thus, the Court will not address Debtor's standing argument.

Section 109 governs the eligibility of debtors in bankruptcy. Specifically, the language of § 109(g)(2) provides:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if . . . (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g)(2).

The Supreme Court instructed courts that their role in interpretating the law begins and ends with its text. *King v. Burwell*, 576 U.S. 473, 474 (2015) ("If the statutory language is plain, the Court must enforce it according to its terms."). Further, the Eleventh Circuit stated "[a]bsent statutory ambiguity, judicial inquiry is complete," and that a court "need look no further." *Lewis v. Barnhart*, 285 F.3d 1329, 1331 (11th Cir 2002) (internal citations omitted). Courts are to "presume that Congress said what it meant and meant what it said." *Adams v. Fla. Power Corp.*, 255 F.3d 1322, 1324 (11th Cir. 2001) (internal citations omitted). This Court's ability to look beyond a statute's plain meaning is limited as the Eleventh Circuit has stated that "[i]n our circuit, there is only one recognized exception to the plain meaning rule—absurdity of results." *United States v. Weaver*, 275 F.3d 1320, 1331 (11th Cir. 2001) (internal citations omitted). Thus, the plain meaning of legislation should be conclusive, except in those "rare cases [in which] the literal application of a statute will produce results demonstrably at odds with the intentions of its drafters." *United*

*States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242 (1989) (internal citations omitted). Only in those rare cases, may courts look to the intentions of the drafters. *Id.*

Debtor contends that the use of the phrase "may be a debtor" creates an ambiguity because if Congress intended to prevent all debtors that voluntarily dismissed a case in the preceding 180 days from being a debtor in a subsequent case, then it would have used the word "shall" rather than "may." Looking at "may be a debtor" in the context of § 109, the Court disagrees with Debtor's reading of the statute. *King v. Burwell*, 576 U.S. at 474 ("[W]hen deciding whether the language is plain, the Court must read the words in their context and with a view to their place in the overall statutory scheme.") (internal citations omitted). In § 109, the phrase "may be a debtor" refers to who might be a debtor, not the discretion of a court in applying the statutory provisions. A court is tasked with determining eligibility based on the qualifiers that follow "if" within those provisions. *See, e.g.*, § 109(b) ("A person may be a debtor under chapter 7 of this title only if . . . ."); *see, e.g.*, § 109(c) ("An entity may be a debtor under chapter 9 of this title if and only if . . . ."). In this title, the "may" sets forth qualifications and disqualifications; reading "shall" in the similar provisions would not make sense because essentially it would mandate everyone be a debtor. While the Court recognizes there are many instances where may and shall lead to differences in a court's discretionary review, it is not persuaded that is the case here. The undersigned does not find "may be a debtor" ambiguous in the context of § 109(g).

Additionally, Debtor argues that applying a strict interpretation of § 109(g)(2) would lead to absurd results in this case because it would be "illogical and unjust to require . . . Debtor to make the absurdly higher plan payments in the [Prior Case]." (Doc. 24). Instead, Debtor suggests that the Court should consider the facts of this specific case to determine if Debtor is attempting to abuse the protection of the automatic stay. However, the Court does not find that strictly applying the statute leads to absurd results here.

In this case, Debtor acknowledges that he dismissed his Prior Case because, with only 31 months remaining in the plan, the necessary increases to his plan payments for the plan payment default and mortgage arrearage would be unaffordable while also making his ongoing mortgage payments and maintaining living expenses. Thus, by voluntarily

4

dismissing the Prior Case and refiling, he hoped to "stretch out" the time to pay his debts over 58 months with a new plan. (Doc. 32). During Debtor's Prior Case, Trustee filed three Notices to Dismiss of which the final one cited a delinquency of $13,241 in plan payments. (Case No. 20-31978, Doc. 51). Additionally, the Motion for Relief filed by Creditor in the Prior Case alleged failure by Debtor to make payments for over six months with an arrearage of $13,961.64. (Case No. 20-31978, Doc. 56). While Debtor contends that this Court should look to the equities as Judge Mitchell did in *In re Hutchins*, the facts here are distinguishable. In *In re Hutchins,* Judge Mitchell denied a § 109(g)(2) motion to dismiss because, among other reasons, the debtor was current on both her mortgage payments and Chapter 13 plan payments to the trustee when she voluntarily dismissed her first Chapter 13 case. *In re Hutchins*, 303 BR 503, 509 (2003). But here, Debtor faced significant defaults in both plan and mortgage payments in the Prior Case and admitted to refiling as a means of extending the time to repay these debts.

The Court acknowledges that there may be situations where a dismissal under § 109(g)(2) could lead to absurd outcome like those contemplated in *In re Hutchins* and other cases. *See, e.g.*, *In re Beal*, 347 B.R. 87 (Bankr. E.D. Wis. 2006) (finding an absurd result where debtor successfully defended the motion for relief); *In re Howard*, 311 B.R. 230 (Bakr. E.D. Wis. 2004) (finding an absurd result where debtor was surrendering the property subject to the motion, but the creditor sought dismissal regardless); *In re Santana*, 110 B.R. 819 (Bankr. W.D. Mich. 1990) (finding it absurd to enforce § 109(g)(2) when the creditor movant had not filed a motion for relief in the prior case and was acting in bad faith). The Court recognizes that this is only Debtor's second bankruptcy filing and that, by all appearances, Debtor filed in good faith and is not attempting to harm Creditor or escape from his responsibilities. Yet, the Court cannot ignore Debtor's significant defaults in the Prior Case and his admitted intention to dismiss and refile as a way to "stretch out" the time to pay those defaults. The Court cannot "contravene specific statutory provisions," and must balance the equities in cases "within the confines of the Bankruptcy Code." *Law v. Siegel*, 571 U.S. 415, 421 (2014). It is not enough that strictly applying the statute results in what may be a harsh outcome, because "[c]ourts should not be in the business of

5

rewriting legislation, . . . [and should] apply the absurdity doctrine only under rare and exceptional circumstances." *United States v. Garcon*, 54 F.4th 1274, 1283 (11th Cir. 2022) (internal citations omitted). The canon against absurdities should be employed only "where a rational Congress could not conceivably have intended the literal meaning to apply." *Vachon v. Travelers Home & Marine Ins. Co.*, 20 F.4th 1343, 1350 (11th Cir. 2021) (Pryor, C.J., concurring) (internal citations omitted). Here, the Court does not find that applying § 109(g)(2) to Debtor's case would lead to an absurd result. For those reasons, the Court finds that this case is due to be dismissed under § 109(g)(2).

## IV. CONCLUSION

Debtor voluntarily dismissed the Prior Case following Creditor's request for relief from the automatic stay, and § 109(g)(2) renders Debtor ineligible for bankruptcy for 180 days following that dismissal. Accordingly, Creditor's Motion to Dismiss (Doc. 33) is GRANTED, and Debtor's Chapter 13 case is DISMISSED pursuant to § 109(g)(2). Debtor is ineligible to be a debtor in bankruptcy for 180 days following the entry of this Order.

Done this 11th day of September, 2023.

Bess M. Parrish Creswell
United States Bankruptcy Judge

c: Debtor
Gregory E. Tolar, Attorney for Debtor
U.S. Bank, NA, Creditor
Hugh Andrew Smith, Attorney for Creditor
Sabrina L. McKinney, Chapter 13 Trustee